## MOORE v. WHEELER, sheriff.

One indicted and tried under an unconstitutional statute may, even after final conviction, obtain his discharge from custody on a writ of habeas corpus. LITTLE and LEWIS, JJ., dissent on the ground that, in their opinion, the statute in question is not unconstitutional.

Argued October 9, 1899. — Decided January 26, 1900.

Petition for habeas corpus.   Before Judge Janes.   Paulding county.   August 24, 1899.

*A. L. Bartlett* and *L. M. Washington*, for plaintiff.

LUMPKIN, P. J.   The grand jury of Paulding county returned an indictment against Moore, charging that, on a day named, he did in that county "unlawfully sell spirituous liquors, malt liquors, and other intoxicating liquors."   He entered a plea of guilty, and was sentenced.   Subsequently he sued out a writ of habeas corpus, whereby he sought to be discharged from custody.   In his application for the writ he alleged that the indictment was void, because based upon the act of September 5, 1883 (Acts of 1882–3, p. 570), prohibiting the sale of spirituous, malt, and other intoxicating liquors in the counties of Glascock and Paulding, and that this act was, for reasons alleged, unconstitutional.   On the hearing the judge remanded the prisoner to custody, and of this he complains.

In *Embry* v. *State*, this day decided, ante, 61, the unconstitutionality of this statute was declared.   As the indictment against Moore was evidently framed under this act, the sentence against him, though based upon a plea of guilty, was a mere nullity, and he ought to have been discharged.   It seems to be now well settled that where one is indicted and tried under an unconstitutional statute, he may, even after final conviction and sentence, obtain his discharge from custody on a writ of habeas corpus.   See Ex parte Siebold, 100 U. S. 371; Ex parte Clarke, Ibid. 399; Ex parte Yarbrough, 110 U. S. 651; Ex parte Royall, 117 U. S. 241; In re Ziebold, 23 Fed. Rep. 791; In re Tie Loy, 26 Fed. Rep. 611; In re Ah Jow, 29 Fed. Rep. 181; In re Payson, 23 Kan. 757, 760; Ex parte Burnett, 30 Ala. 461; Ex parte Rollins, 80 Va. 314; Ex parte Rosen-

blatt, 19 Nev. 439; Ex Parte Mato, 19 Tex. App. 112; Brown
v. Duffus, 66 Iowa, 193; Fisher v. McGirr, 1 Gray, 2; Whit-
comb's case, 120 Mass. 118. "An unconstitutional enactment
is never a law; and if there can be a case in which a convic-
tion is illegal and without jurisdiction, it seems that such a
case is presented when it appears either that there is no law
making criminal the alleged crime, or authorizing its prosecu-
tion in the court wherein the sentence has been imposed." 2
Freeman on Judgments, § 624, p. 1092.

   *Judgment reversed. All the Justices concurring, except*
LITTLE and LEWIS, JJ., dissenting. We dissent from the
opinion of the majority of the court in this case, upon the
grounds set forth in our dissenting opinions in the cases of
*Papworth* v. *State*, 103 *Ga.* 39, and *O'Brien* v. *State*, ante, 51.