### GRIFFIN, sheriff, *v.* EAVES.

1. One indicted, convicted, and sentenced under a repealed statute may be discharged by habeas corpus, if on the trial the question of the validity of such statute was not made and adjudicated against him.  On the trial in which the applicant for habeas corpus in the present case was convicted, the question whether or not the general statute making it an offense to retail or sell intoxicating liquor without license was operative in Bartow county was not made or passed on.

2. The special local act of 1884 for Bartow county, if valid and constitutional, suspended as to that county the general statute above mentioned.  The question of the constitutionality of this Bartow county special act was not made on the trial wherein defendant in error was convicted.

3. The act, however, according to the principle ruled in *Papworth* v. *State*, 103 *Ga.* 36, and subsequent cases, is not constitutional, because it conflicts with the general domestic-wine act of February 27, 1877, and is violative of that clause of the constitution which prohibits special legislation in any case for which provision has been made by an existing general law.  This special act differs from the special act dealt with in *Smith* v. *State*, 112 *Ga.* 291.

4. It results from the foregoing that inasmuch as the applicant in the proceeding under review was indicted and convicted under the general act first above mentioned, which is still of force in the county of Bartow, his conviction and sentence were legal, and consequently the court erred in discharging him from custody.

Argued October 23, — Decided November 6, 1901.

Habeas corpus.   Before Judge Fite.   Bartow superior court. August 3, 1901.

*S. P. Maddox, solicitor-general*, and  *T. C. Milner*, for plaintiff in error.  *J. M. Neel*, contra.

FISH, J. 1. The first question presented for our consideration is, whether one indicted, convicted, and sentenced for an act made penal by a statute repealed prior to the date the offense is alleged to have been committed can be discharged from custody by habeas corpus.   This question has been practically answered in the affirmative by the decision of this court in *Moore* v. *Wheeler*, 109 *Ga.* 62. In that case Moore pleaded guilty to an indictment based upon

5

an unconstitutional statute, and, after sentence, sued out a writ of habeas corpus to be discharged from custody.   On the hearing he was remanded, but this court held, in reversing such ruling, that the court below erred, for the reason that, as the statute under which the indictment was framed was unconstitutional, the sentence was a mere nullity.   In delivering the opinion, Presiding Justice Lumpkin said: "It seems to be now well settled that where one is indicted and tried under an unconstitutional statute, he may, even after final conviction and sentence, obtain his discharge from custody on a writ of habeas corpus."   A number of authorities were cited in support of this proposition.   The reason for the rule is, that an unconstitutional statute can not make an act criminal.   Such a statute is void, and is as no law.   "A conviction under it is not merely erroneous, but is illegal and void, and can not be a legal cause of imprisonment."   A court has no power or jurisdiction to render a judgment punishing one for an act sought to be made criminal by an unconstitutional statute.   Church on Habeas Corpus, §§ 362, 368.   If one indicted and tried under an unconstitutional statute may, after conviction, be discharged on habeas corpus, he may for the same reason be so discharged after conviction and sentence under an indictment based upon a statute repealed prior to the commission of the alleged offense.   Church on Habeas Corpus, § 374; In re Wright, 27 Pac. Rep. (Wyo.) 565.   See also 9 Enc. Pl. & Pr. 1046.   Counsel for plaintiff in error, in support of his contention that the defendant in error can not be discharged from custody under habeas corpus, relies upon *Daniels* v. *Towers*, 79 *Ga.* 785, wherein it is held: "After a judgment of conviction for felony has been affirmed by the Supreme Court on writ of error brought by the convict, the legality of his conviction can not be drawn in question by a writ of habeas corpus sued out by him, or by any other person in his behalf, save for want of jurisdiction appearing on the face of the record as brought from the court below to the Supreme Court.   Such affirmance implies that he was tried by a court of competent jurisdiction legally constituted, and nothing to the contrary can be shown otherwise than by inspection of the record."   We do not think that decision is in conflict with the ruling made in *Moore* v. *Wheeler*, supra, or contravenes anything we have said in the present case.   While it is an elementary principle that errors and irregularities, not jurisdictional, can not be ex-

amined or inquired into on habeas corpus, that on questions of law and fact within the court's jurisdiction its decision is conclusive, and however erroneous its judgment may be it can not be reviewed collaterally on such writ, yet, as we have seen, it is firmly established that where one is convicted and sentenced under an indictment founded upon an unconstitutional or repealed statute, the court had no jurisdiction to render the particular judgment, and a discharge may be granted on habeas corpus, where the invalidity of the statute appears from the face of the indictment. The court in *Daniels* v. *Towers*, supra, recognized the rule that the legality of a conviction could be drawn in question by habeas corpus when the want of jurisdiction in the court appeared on the face of the proceedings. In *Collins* v. *Hall*, 92 *Ga.* 411, it was held that a judgment of conviction void on its face conferred no authority for detaining in prison the person convicted, and was no obstacle to his discharge on habeas corpus. The indictment upon which the defendant in error was convicted charged him with violating the general statute against retailing or selling intoxicating liquor without license; and as the court is bound to take judicial cognizance of the existence of the local statute seeking to repeal the general law, if the general law was repealed the indictment framed under it showed upon its face that it charged no crime.

Where the accused, upon the trial, brings in question the validity of the statute under which he has been indicted, and the point is decided against him, it then, of course, becomes res adjudicata, and can not be reviewed collaterally on habeas corpus. The defendant in error in the case under consideration did not, upon his trial, make the question that the general statute making it an offense to retail or sell intoxicating liquor without license was inoperative in Bartow county, nor was it then passed upon. It is true that he then sought to make the point, by requesting the court to instruct the jury that a conviction could not be had under the indictment, because the general law upon which it was based had been repealed by the local law; but the court refused this request, and in the motion for a new trial error was assigned upon such refusal. When the case came here for review, this court ruled that the question was never properly raised in the court below, and that if the indictment was fatally defective, the accused did not want a new trial under that indictment.

2, 3.   The general law, as contained in section 433 of the Penal Code, makes it a misdemeanor for any person to sell spirituous, vinous, or malt liquors in any county or village in any quantity, without first obtaining a license from the authorities authorized by law to grant license for the sale of such liquors by retail.   In 1884 an act was passed "to submit to the qualified voters of the county of Bartow the question of the sale and furnishing of intoxicating, alcoholic, spirituous, vinous, or malt liquors, and to prohibit the same from being sold or furnished after said election if a majority of those voting [should] so determine, and to provide penalties for such sale and furnishing."   Acts 1884—5, p. 503.   The prohibitory portion of this act made penal the sale by any person of "any intoxicating, alcoholic, spirituous, vinous, or malt liquors within the limits of" Bartow county, but provided that nothing in the act should be "construed to prevent the sale or furnishing by the maker of any domestic wine, beer, or cider made in said county."   If valid and constitutional, this special local act, when its prohibitory provisions went into effect, superseded, as to Bartow county, the general statute above mentioned, on which the indictment was based under which the defendant in error was tried, convicted, and sentenced; and the result then would be, as we have seen, that he should have been discharged upon the writ of habeas corpus sued out by him, it not appearing from the record that the question of the constitutionality of the local act was made on the trial when he was convicted.   This special act, however, according to the principle ruled in *Papworth* v. *State*, 103 *Ga.* 36, *O'Brien* v. *State*, 109 *Ga.* 51, *Embry* v. *State*, Ib. 61, and *Tinsley* v. *State*, Ib. 822, is not constitutional, because it seeks to vary the provisions of the general domestic-wine act of February 27, 1877 (Acts 1877, p. 33), legalizing the sale of domestic wines, by the manufacturers thereof, in quantities of not less than one quart, anywhere in the State.   The special act undertakes to make it unlawful for any person to sell "any intoxicating, alcoholic, spirituous, vinous, or malt liquors within the limits of [Bartow] county," and provides that nothing in the act "shall be construed to prevent the sale . . by the maker of any domestic wine, beer, or cider made in said county."   The proviso in this special act does not save it from conflict with the general domestic-wine act, for it exempts from the operation of the act the sale, by the maker, of such domestic wine only as is

made in Bartow county, leaving the act operative as against the manufacturers of domestic wines made in other counties of this State, who might sell the same, in quantities of not less than one quart, in that county.

This special act materially differs from the special act for the counties of Thomas and Cobb (Acts 1883, pp. 605, 606), dealt with in *Smith* v. *State*, 112 *Ga.* 291. The special act under consideration in that case, while making it unlawful to sell "intoxicating, spirituous, vinous, or malt liquors of any kind and in any quantity," in the counties named, contained a proviso that nothing therein should "be so construed as to prevent any person from selling domestic wines and cider made by them in said county." This court held that the words, "in said county," as used in the proviso, related to the place of sale and not to the place of manufacture, and that, therefore, that special act did not affect or modify the operation of the general domestic-wine act of 1877, and was, therefore, not violative of that clause of the constitution which prohibits special legislation in any case for which provision has been made by an existing general law. The question of the constitutionality of the Bartow county special act was not made on the trial wherein the defendant in error was convicted.

4. It results from the foregoing that inasmuch as the applicant in the habeas corpus proceeding under review was indicted and convicted under the general law contained in the Penal Code, § 433, which is still in force in Bartow county, it not having been, as to that county, repealed by the unconstitutional special act of 1884 for such county, his conviction and sentence were legal, and consequently the court below erred in discharging him from custody.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., dissenting.*

LITTLE, J. In my opinion the local act passed by the General Assembly for Bartow county, prohibiting the sale or furnishing of liquor, in 1884, simply had the effect to suspend the operation of the general law prohibiting the sale of spirituous liquors without a license, and, under its provisions, the terms of the general law would become operative ex vi termini, in the event the local law for any reason ceased to apply ; but the local act in no sense repealed the general law. That local act was perfectly constitutional, and was a proper exercise by the General Assembly of its vested power. The

indictment was framed under the provisions of the general law, which, being inoperative in Bartow county, would not (because of the existence of the local law) support the indictment; and inasmuch as the question of the validity of the local law was not made and passed upon at the former trial when the defendant was found guilty, the judge had the power to determine that question on the hearing of a writ of habeas corpus. In determining, as he did, that the local act was constitutional and valid, and that no offense against the laws of the State was charged in an indictment charging the accused (in Bartow county) with a violation of the general law in relation to the sale of liquor, the judge ruled correctly; and it follows that, in discharging the accused from custody, no error was committed, and his judgment should be affirmed.