## HUDSON *v.* JENNINGS.

PER CURIAM. 1. That portion of an ordinance of the City of Atlanta providing that "Any person being the owner or occupant of a house of ill-fame, who shall continue the same, or allow the same to be continued, for two days after the same has been so adjudged by the recorder's court, on conviction thereof" shall be punished as provided in the ordinance, is not violative of art. 1, sec. 1, par. 3, nor of art. 1, sec. 1, par. 25, of the constitution of this State, even if the remaining portion of such ordinance providing that "it shall be lawful for the chief of police, by the order of the recorder, mayor, or, in his absence, the mayor pro tem., or three members of council, to abate such nuisance by tearing down or closing up such house or houses, for which he shall receive such sum as may be adjudged reasonable by the said recorder's court, for his services, to be paid by the owner," is unconstitutional because violative of such provisions of the constitution.

(*a*) An allegation that such ordinance is unconstitutional in that it violates art. 1, sec. 4, par. 1, of the constitution of this State, which prohibits the passage of a special law in any case for which provision has been made by an existing general law, which fails to point out the general law which is claimed to cover the same subject as such ordinance, presents no question for decision by this court. *Edalgo* v. *Southern Ry. Co.,* 129 *Ga.* 258 (58 S. E. 846) ; *Sayer* v. *Brown,* 119 *Ga.* 539 (5), (46 S. E. 649).

(*b*) Such ordinance provides that when a house has been adjudged to be one of ill-fame, and the owner or any occupant of it continues such house of ill-fame, or allows it to be continued as such for two days after it has been so adjudged, such owner or occupant be punished as therein provided; and the offense provided for in this ordinance is not for a failure to remove from such house, but for continuing it, or allowing it to be continued as a house of ill-fame after it has been adjudged a house of that kind.

(*c*) If the house had not been adjudged one of ill-fame, or for any other reason the alleged owner or occupant is not guilty, or should not be convicted of violating the ordinance, the accused has a remedy by making such defense upon the trial before the recorder, and by way of certiorari in case of an erroneous conviction. See *Hudson* v. *Preston,* ante, 222 (67 S. E. 800).

(*d*) A wife might be guilty of violating such ordinance, although at the time living with her husband in the house alleged to be one of ill-fame. *Bell* v. *State,* 92 *Ga.* 49 (18 S. E. 186).

2. On the trial of habeas-corpus proceedings only the legality of the detention is to be determined, and whether or not one is guilty of the charge upon which the right of custody is claimed is not in issue. *Stephens* v. *Henderson*, 120 *Ga.* 218, 220 (47 S. E. 498).

3 A woman was convicted in the recorder's court of the City of Atlanta of the offense of disorderly conduct and keeping a disorderly house. She paid the fine imposed upon her, and was released from custody. At the time of imposing the sentence, the recorder pro tem., who presided, verbally ordered the defendant to remove in three days from the house in which she was then living. Her counsel protested that the recorder pro tem. had no authority to compel her to remove from the house where she was living with her husband. According to the testimony of the counsel, the recorder pro tem. replied that she had to move, and that he would show counsel, or words to that effect. According to the testimony of the recorder pro tem., his reply was "We will see." After the accused had paid her fine and been discharged, the recorder pro tem. directed that she be arrested on the charge of "failing to abide the sentence of the court," and she was taken into custody by the chief of police on that charge. A writ of habeas corpus was taken out, alleging her detention to be illegal. Subsequently the recorder pro tem. changed the docket of that court so as to enter a new charge under a section of the city code making it an offense to continue a lewd house two days after it had been adjudged to be such a house, and had her served with a copy of a summons, which merely commanded the defendant to be and appear at the municipal court at a fixed time to answer the charge of violating that section. On the hearing had upon the return of the writ of habeas corpus on the following day, it was shown by the chief of police that he was now holding the accused by virtue of this charge. *Held*, that the detention at the time when the writ of habeas corpus was issued was unlawful, that the facts above stated were not sufficient to show that the detention had become lawful at the time when the hearing was had, and that it was error to refuse to discharge the prisoner.

*Judgment reversed. All the Justices concur.*

APRIL 18, 1910.

Habeas corpus.   Before Judge Bell.   Fulton superior court. September 9, 1909.

*T. J. Ripley, W. A. James,* and *W. H. Robertson,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.