## BLACKSTONE *v.* NELSON, warden.

1. "The writ of habeas corpus can not be substituted for a motion for new trial, writ of error, or other remedial procedure, or be used as a remedy for the review of alleged errors in the trial court." Especially is this true where the issues raised in the habeas-corpus case are the same as raised and passed upon at the trial, and no exception is taken thereto.

2. Where one was indicted under a statute which by demurrer was assailed as unconstitutional and void, and the demurrer was overruled and no exception was filed to such judgment; and where the defendant on conviction and sentence filed a motion for new trial, which he subsequently voluntarily withdrew; and where later he presented a petition for habeas corpus, attacking the statute under which the indictment was found, on the same grounds as set up in the demurrer to the indictment, the court did not err on the hearing, under the pleadings and the evidence, in remanding the defendant to the custody of the officer having him in charge.

                        No. 2457.   JULY 13, 1921.

Habeas corpus. Before Judge Eve. Tift superior court. January 26, 1921.

*John Henry Pool,* for plaintiff.

*R. S. Foy, solicitor-general,* for defendant.

HILL, J. Edwin Blackstone was indicted, tried and convicted of a misdemeanor, under an act approved August 17, 1918 (Acts 1918, p. 275), known as an act relating to venereal diseases. The particular provision of the act alleged to have been violated was as follows: "It shall be unlawful for any one infected with these diseases, or any of them, to expose another to infection." When the case was called for trial in the lower court the defendant filed a demurrer to the indictment, attacking the act of 1918 as unconstitutional and void for a number of reasons set out in the demurrer. The demurrer was overruled, and this judgment was unexcepted to. The case proceeded to trial, and the defendant was convicted and sentenced by the court to imprisonment in the chain-gang for a period of six months. The defendant made a motion for new trial, which was dismissed on the movant's own motion. In the present case Blackstone filed his petition for habeas corpus against Green Nelson, warden of the chain-gang of Tift county, alleging

that Nelson had the plaintiff confined in the chain-gang by virtue of an invalid judgment and sentence. The indictment and the statute upon which it was based were attacked upon substantially the same grounds as set up in the demurrer to the indictment. Nelson answered that Blackstone had demurred to the indictment at the time he was tried, and that the demurrer was overruled and no exception was taken to that ruling. The dismissal of the motion for new trial was prior to the filing of the petition for habeas corpus. The foregoing facts were supported by proof and admitted by Blackstone. After hearing evidence the judge of the trial court remanded Blackstone to the custody of Nelson, the warden of the chain-gang. To that judgment the plaintiff excepted.

The plaintiff relies upon the case of *State Board of Medical Examiners* v. *Lewis,* 149 *Ga.* 716 (102 S. E. 24), as sustaining his proposition that the judgment overruling his demurrer to the indictment is not binding in this case; but the facts of that case are different from the present one. In the present case there has been a solemn adjudication of the question raised by the demurrer that the act of 1918, supra, was not unconstitutional for the reasons alleged in the demurrer, which reasons are the same as set up in the present petition for habeas corpus; and that judgment was unexcepted to, and is therefore the law of the case. In such circumstances the defendant is bound by the former judgment, which has never been reversed (compare *Griffin* v. *Eaves,* 114 *Ga.* 65, 66, 39 S. E. 913), and he can not now substitute the writ of habeas corpus for a motion for new trial, or other similar remedial procedure to be used as a remedy for the review of errors alleged to have been committed by the trial court. *Harrell* v. *Avera,* 139 *Ga.* 340 (77 S. E. 160). Only in cases where the judgment of conviction is void can it be attacked by habeas corpus. The plaintiff has had his day in court, where it was adjudged that the act which he now attacks for the second time as being unconstitutional was constitutional and valid. In the cases relied on by him no attack was made on the statute under which the defendants were convicted, as being void, as in the present case, and no judgment was rendered in those cases holding that the statute was valid. The defendant had an available remedy, by motion for new trial (which he voluntarily withdrew), of testing the constitutionality of the act of 1918; and having failed to pursue the remedy which

he had for that purpose and permitted the judgment of the court, holding the act to be valid, to stand unreversed, he will not be permitted now to proceed by habeas corpus to again test the question as to whether the act of 1918 is invalid or not.

Under the pleadings and the evidence in the case we see no error in the judgment remanding the plaintiff to the custody of the warden of the chain-gang of Tift county.

*Judgment affirmed. All the Justices concur.*

ATKINSON and GEORGE, JJ., concur in the judgment of affirmance, on the ground that the law is not unconstitutional for any of the reasons assigned.