## KUNKEL *et al. v.* TIPPINS.

GILBERT, J. 1. " Affidavits and documents introduced in evidence on the hearing before the trial judge must be incorporated in the bill of exceptions seeking to review his judgment, or attached thereto as exhibits, duly and properly identified, or be embraced in an approved brief of evidence and brought up as record. The mere filing of af-

fidavits and documents in the office of the clerk of the court does not make them parts of the record in the case." *Anderson* v. *Anderson,* 124 *Ga.* 147 (52 S. E. 161); *Scott* v. *Wage Earners Loan &c. Co.,* 147 *Ga.* 576 (94 S. E. 1021); *Weathers* v. *Paga Mining Co.,* 147 *Ga.* 463 (94 S. E. 579).

2. "Where the questions made by the assignments of error in the bill of exceptions necessarily involve a consideration of the evidence, and none of the methods above indicated has been adopted, but copies of affidavits and documents have been sent up as parts of the record, they cannot be considered." *Aderson* v. *Anderson,* supra.

3. The bill of exceptions assigns error on a judgment granting a interlocutory injunction, and recites that "said case was heard upon affidavits and three plats and one deed." The plaintiffs in error specified, "as material to a clear understanding of the errors complained of, the following parts of the record, to wit:" the petition, the temporary restraining order, answer of defendants, certain affidavits, deeds, plats, and map, certified copy of the minutes of the City of Manassas, and the judgment continuing in force the restraining order originally passed. The bill of exceptions did not otherwise refer to any evidence submitted at the hearing. The clerk transmitted copies of certain affidavits and other documentary evidence which were not made a part of the bill of exceptions by reference or exhibit, nor were they set forth in any brief of evidence approved by the court. The judge certified that the bill of exceptions was true, and that it specified all of the record material to a clear understanding of the errors complained of, and ordered that the parts of the record so specified be transmitted to the Supreme Court; but the certificate contained no reference to any evidence introduced at the hearing. *Held:* It affirmatively appears from the bill of exceptions that the case was one involving a consideration of the evidence: and no evidence having been brought up so authenticated as to authorize its consideration by this court, the judgment of the trial court will not be disturbed *Pierce* v. *Felts,* 146 *Ga.* 716 (92 S. E. 212).

*Judgment affirmed. All the Justices concur.*
No. 2577. JULY 13, 1921.

Injunction. Before Judge Sheppard. Tattnall superior court. March 5, 1921.

*Daniel & Durrence* and *Elders & DeLoach,* for plaintiffs in error. *A. S. Way,* contra.