SHIFLETT *v.* DOBSON; *et vice versa.*

24

Nos. 10512, 10531.   December 13, 1934.

*Forrest C. Oates Jr., and Lester & Whatley,* for plaintiff.
*Vaux Owen,* for defendant.

Gilbert, Justice.   George W. Shiflett filed, in the city court of Richmond County at Augusta, Georgia, on August 6, 1934, an application for a writ of habeas corpus, alleging that he was illegally being restrained of his liberty by being confined and held in custody by Dr. William M. Dobson, manager in charge of the Veterans Administration Hospital, U. S. Public Health Hospital No. 62, or other officials or employees of said hospital, under the pretense that he was insane; that he was illegally committed to said Veterans Administration Facility in the City of Augusta, by the Hon. Harry Johnson, Ordinary of Floyd County, Georgia, a certified copy of the commitment proceedings being attached to the petition, marked Exhibit A, and made a part thereof; that the said detention of the body of petitioner was illegal, because the said court of ordinary of Floyd County, Georgia, had no authority to issue said warrant and no jurisdiction over the person of petitioner, as petitioner was then, and was at the time said warrant was issued, a resident of Polk County, Georgia, and had been for more than four years prior to such proceedings; that he had requested the Veterans Administration Facility to allow him to return to his home, but that the officers and employees of the same refused to do so, and that they continued to illegally restrain and detain him.   He prayed that a writ of habeas corpus be issued, directed to the said Dobson, requiring him to bring petitioner before the court for the purpose of examining into the cause of his detention.   The copy attached as an

exhibit discloses that after a hearing before a lunacy commission, duly constituted, in Floyd County, Georgia, Shiflett was adjudged by the ordinary to be a lunatic or person of unsound mind, and on June 26, 1934, was ordered to be committed to the Veterans Administration Facility at Augusta, Georgia, until again restored to his right reason and sound mind; that a guardian of the person of Shiflett was appointed; and that after the issuance of a certificate by the Veterans Administration Facility, Shiflett was by it rated as an incompetent veteran, and was by it admitted into its hospital at Augusta, Georgia, where he has since been detained.

The defendant answered the writ, admitting the detention of Shiflett, but denying that such custody was unlawful; alleging that he was incompetent by reason of epilepsy, grand mal, with mental deterioration, and was being detained pursuant to the order of commitment above mentioned; that the release of Shiflett would endanger the lives of himself and others; that he was in need of treatment for his condition, and was receiving treatment as a disabled veteran of the World War, under the laws of the United States Government; that such treatment will be continued until he is again restored to his right reason and sound mind; that the commitment had not been appealed from, and that Charles W. Morris, his legal guardian, upon whose application Shiflett was admitted to the Veterans Administration Facility at Augusta, Ga., had not requested his release. The body of Shiflett was produced in court. Counsel for the defendant made a motion that the case be dismissed for lack of jurisdiction, it being urged that Shiflett was being detained in territory which had been ceded by the State of Georgia to the United States Government, and that only the Federal courts had jurisdiction of the case. Certain testimony was introduced by petitioner to show that Shiflett was not a resident of Floyd County, Georgia, and was not insane, at the time of the hearing before the ordinary of Floyd County. The court rendered judgment that "petitioner, George W. Shiflett, is not illegally restrained of his liberty by Dr. William M. Dobson. The court accepts the findings of fact on the part of the court of ordinary of Floyd County, Georgia, as being true so far as these proceedings are concerned; and there being no issue as to that court's jurisdiction to commit George W. Shiflett (if a citizen of Floyd County) to the Veterans Facility in Augusta, Ga., this action of habeas

26

corpus is dismissed without prejudice as to any appeal petitioner may care to make on the facts at the hearing before the ordinary of Floyd Co., Ga." The petitioner excepted to that judgment. The defendant excepted by cross-bill to the judgment overruling the motion to dismiss for lack of jurisdiction.

The introduction of testimony in the city court of Richmond County as to the residence and mental condition of George W. Shiflett at the time of the hearing before the ordinary of Floyd County, Georgia, was, in effect, an effort to retry or review the findings of fact by the latter court. The Civil Code (1910), § 3094, provides for an appeal to the superior court of the county in which the ordinary presides. A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure. *McFarland* v. *Donaldson,* 115 *Ga.* 567 (41 S. E. 1000) ; *Harrell* v. *Avera,* 139 *Ga.* 340 (77 S. E. 160) ; *Blackstone* v. *Nelson,* 151 *Ga.* 706 (108 S. E. 114) ; *Wells* v. *Prigden,* 154 *Ga.* 397 (114 S. E. 355) ; *Strickland* v. *Thompson,* 155 *Ga.* 125 (116 S. E. 593) ; *Fleming* v. *Lowry,* 173 *Ga.* 894 (162 S. E. 144) ; *Etheridge* v. *Poston,* 176 *Ga.* 388 (5) (168 S. E. 25) ; In re Swan, 150 U. S. 637 (14 Sup. Ct. 225, 37 L. ed. 1207) ; Andersen *v.* Treat, 172 U. S. 24 (19 Sup. Ct. 67, 43 L. ed. 351). See also 12 R. C. L. 1192, 1193, 1194, for a good statement of the rule. In Saunders *v.* Lowry, 58 Fed. (2d) 158 (3), it was held: "Petitioner, not having availed himself of remedies by application to trial court and by appeal to correct injury complained of, *held* not entitled to resort to habeas corpus." That case originated in Georgia, and in the decision the following cases were cited: Ex parte Royall, 117 U. S. 241 (6 Sup. Ct. 734, 29 L. ed. 868) ; Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969) ; Knewel *v.* Egan, 268 U. S. 442 (45 Sup. Ct. 522, 69 L. ed. 1036) ; Ashe *v.* U. S. ex rel. Valotta, 270 U. S. 424 (46 Sup. Ct. 333, 70 L. ed. 662). Furthermore, it is shown in the present case that in the hearing in the city court of Richmond County it was testified by one of counsel for petitioner that in the proceedings before the ordinary of Floyd County he made a motion to dismiss the case because of lack of jurisdiction of the person of Shiflett, and that the motion was overruled. It is not claimed that any appeal was taken; and the writ of habeas corpus can not be used as a substitute.

■ ■ The plaintiff, however, assigns error on the judgment of

the city court of Richmond County, on the ground that the court should have found from the evidence that he was a resident of Polk County, Georgia, and not Floyd County, Georgia, at the time of the commitment proceedings, and therefore that the ordinary of Floyd County had no jurisdiction of his person, and that the city court of Richmond County should have found in the habeas-corpus proceeding that the commitment proceedings in Floyd County, were void, and that petitioner was being illegally restrained of his liberty by being confined in the Veterans Administration Facility, U. S. Public Health Hospital No. 62, at Augusta, Georgia. Counsel for the plaintiff admits in his brief that if the judgment of the ordinary of Floyd County, Georgia, was not void, habeas corpus would not be a proper remedy to obtain the release of petitioner; but he contends that in the hearing at Augusta the petitioner had the right to show collaterally that such judgment was in fact void. When the ordinary rendered judgment, after the finding of the lunacy commission that Shiflett was a resident of Floyd County, Georgia, and was insane, he was performing a judicial act as a court of ordinary, vested with the powers of such court by virtue of article 6, section 6, paragraph 1, of the constitution of Georgia, which provides: "The powers of a court of ordinary, and of probate, shall be vested in an ordinary for each county, from whose decision there may be an appeal (or, by consent of parties, without a decision) to the superior court, under regulations prescribed by law." The Civil Code (1910), § 3092, authorizes the ordinary to appoint a lunacy commission when it is set forth by petition that a person is subject to be committed to the Georgia State Sanitarium; § 3089 authorizes him to appoint a guardian for one found by a lunacy commission to be insane; § 3093 authorizes the ordinary to commit an insane person to the Georgia State Sanitarium when found by a lunacy commission to be insane. By the act of 1929 (Ga. Laws 1929, pp. 250-255) the ordinary is authorized to commit to the Veterans Administration Facility an insane veteran of the World War under circumstances where he may commit a person to the Georgia State Sanitarium. The Civil Code (1910), § 4790, provides: "Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: . . The issuing of commissions of lunacy in conformity to law." Thus it will be seen that the ordinary in the

commitment proceedings was vested with the powers of and really acted as a court of ordinary, from which an appeal might have been made to the superior court. The judgment of which the petitioner complains was therefore a judgment of the court of ordinary and of the dignity of courts of competent jurisdiction. "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1910), § 5964. "A judgment that is void may be attacked in any court and by anybody. In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." § 5968. The record of the commitment proceedings by the court of ordinary of Floyd County, Georgia, is attached to the petition as an exhibit. That record affirmatively shows jurisdiction of the court. If it be contended that that record can not be considered because it is merely attached to the petition and not introduced in evidence, the reply is that the plaintiff makes the record a part of his petition, and it substantially stands upon the same basis as the allegations made in the petition. Therefore, the petitioner having alleged the facts stated in the record, they must be accepted as true as to him, requiring no proof to substantiate them. If the record is in no way produced, then this court must assume that the record shows such jurisdictional facts affirmatively on its face. *Peacock* v. *Terry,* 9 *Ga.* 137 (6), 150; *Hampton* v. *Thomas,* 11 *Ga.* 317, 320; *East Tennesse &c. Railway Co.* v. *Kane,* 92 *Ga.* 187 (5) (18 S. E. 18, 22 L. R. A. 315); *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6) (116 S. E. 922). It is stated in the bill of exceptions that the "plaintiff introduced evidence in support of his petition, and the defendant introduced evidence to support its answer," but whether or not the record of the commitment proceedings was introduced is not specifically disclosed. However, it is not claimed by the plaintiff that the record showed on its face a lack of jurisdiction; and we can infer that the plaintiff relies exclusively upon the testimony of witnesses in the habeas-corpus hearing, to show the alleged lack of jurisdiction. Lack of jurisdiction can not be thus shown. The petitioner had had his day in court. Evidence had been presented as to the residence and mental condition of petitioner. "The sufficiency of the evidence presented to sustain the

charge upon which the prisoner is held, even where there is a total absence of evidence, or the correctness of the court's rulings in the admission or exclusion of evidence, can not be reviewed on habeas corpus. Questions of fact can not be retried." 29 C. J. 46. See *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009), and cit. Under the facts of the case the city court of Richmond County did not err in holding that it could not consider the testimony of the witnesses in the habeas-corpus hearing as to whether or not petitioner was a resident of Polk County, Georgia, and sane at the time of his commitment, and that it could not go behind the findings of fact by the ordinary of Floyd County, Georgia, in passing upon the question whether or not the petitioner was illegally deprived of his liberty; and in dismissing the habeas-corpus proceeding.

Because of the rulings on the main bill of exceptions, it is not necessary to rule on the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Russell, C. J., who dissents.*