WHITE *v.* HORNSBY, chief of police.

F. *Joe Turner,* for plaintiff.

J. C. *Savage, Edwin L. Sterne, J. C. Murphy,* and *Frank A. Hooper Jr.,* for defendant.

JENKINS, Justice.   After a conviction, in the recorder's court of Atlanta, for the violation of a city ordinance, the defendant, without proceeding by certiorari to upset the judgment, brought this petition for habeas corpus in the superior court, to attack the ordinance. as unconstitutional and void.  The order of the superior court judge denied the writ, on the grounds that certiorari was the proper remedy, and that the applicant had introduced no evidence whatever to show that the ordinance was arbitrary, unreasonable, and void; the court holding that it would not declare the ordinance unconstitutional "from pleading alone."   While the petition itself does not disclose whether the petitioner made his constitutional question in the recorder's court, so as to render him subject to a plea of res adjudicata with a preclusion of review by habeas corpus, the order of the superior court recites that, while the petitioner "introduced no evidence whatsoever," evidence "was introduced by respondent in support of a plea in bar, respondent contending the issues here are res adjudicata."   This contention was adjudicated against the respondent, but at the same time his contention "that applicant should proceed by certiorari" was "sustained."

■  It is the firmly established general rule that the writ of habeas corpus can not be used as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant has had opportunity to avail himself.  *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d, 371); *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469), and cit.; *Kinman* v. *Clark,* 185 *Ga.* 328, 330 (195 S. E. 166); *Shiflett* v. *Dobson,* 180 *Ga.* 23, 26 (177 S. E. 681), and cit.   The recognized exception that "one indicted and tried under an unconstitutional statute may, even after final conviction, obtain his discharge from custody on a writ of habeas corpus" (*Moore* v. *Wheeler,* 109 *Ga.* 62, 35 S. E. 116, and cit.), is itself qualified by the rule that "where the accused, upon the trial, brings in question the validity of the statute under which he has been indicted, and the point is decided against him, it then   . .

becomes res adjudicata, and can not be reviewed collaterally on habeas corpus." *Griffin* v. *Eaves,* 114 *Ga.* 65, 67 (39 S. E. 913) ; *Blackstone* v. *Nelson,* 151 *Ga.* 706 (2) (108 S. E. 114) ; *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235) ; *Hudson* v. *Jennings,* 134 *Ga.* 373 (1, *c*) (67 S. E. 1037).

■ If the constitutional question, attacking the validity of the ordinance, was made in the recorder's court, the remedy of the defendant would not have been by habeas corpus, but would have been by certiorari from the adverse judgment of that court. The petition being silent as to whether that question was raised in the recorder's court, but it appearing from the record that the respondent offered evidence on that issue at the habeas-corpus hearing, and no evidence whatever being brought to this court, the judgment denying the writ must be affirmed. See *Pierce* v. *Felts,* 146 *Ga.* 716 (92 S. E. 212) ; *Crumbley* v. *Brook,* 135 *Ga.* 723 (2), 725 (70 S. E. 655), and cit.; *Kunkel* v. *Tippins,* 151 *Ga.* 708 (2) (108 S. E. 46). *Judgment affirmed. All the Justices concur.*