### 20486. MOORE v. BURNETT.

Mobley, Justice. The plaintiff in error, James O. Moore, after his conviction in the Recorder's Court of the City of Albany for violation of an ordinance of that city, and while his case was pending in the Superior Court of Dougherty County on certiorari from the Recorder's Court, voluntarily dismissed his petition for certiorari. Thereafter, upon his being taken in custody by the acting chief of police of Albany, he brought his petition in the court of ordinary for a writ of habeas corpus. A general demurrer to the petition and motion to quash the writ were sustained by the ordinary, the writ was dismissed, and the petitioner was remanded to the custody

of the acting chief of police. Exceptions to this judgment were overruled by the ordinary, and the petitioner certioraried his case to the Superior Court of Dougherty County. Exception here is to the judgment of the superior court denying the writ and dismissing the petition. *Held:*

1. "It is the firmly established general rule that the writ of habeas corpus can not be used as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant has had opportunity to avail himself. *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d 371); *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d 469), and cit.; *Kinman* v. *Clark,* 185 *Ga.* 328, 330 (195 S. E. 166); *Shifflett* v. *Dobson,* 180 *Ga.* 23, 26 (177 S. E. 681), and cit. The recognized exception that 'one indicted and tried under an unconstitutional statute may, even after final conviction, obtain his discharge from custody on a writ of habeas corpus' (*Moore* v. *Wheeler,* 109 *Ga.* 62, 35 S. E. 116, and cit.), is itself qualified by the rule that 'where the accused, upon the trial, brings in question the validity of the statute under which he has been indicted, and the point is decided against him, it then . . . becomes res adjudicata, and can not be reviewed collaterally on habeas corpus.' *Griffin* v. *Eaves,* 114 *Ga.* 65, 67 (39 S. E. 913); *Blackstone* v. *Nelson,* 151 *Ga.* 706 (2) (108 S. E. 114); *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235); *Hudson* v. *Jennings,* 134 *Ga.* 373 (1c) (67 S. E. 1037)." *White* v. *Hornsby,* 191 *Ga.* 462, 463 (12 S. E. 2d 875).

2. Applying the foregoing, where, as here, the petitioner by general demurrer attacked the constitutionality of the ordinance in the recorder's court, which ruling thereon was adverse to him, and where he thereafter voluntarily dismissed his petition for certiorari therefrom in the superior court, the question of the constitutionality of the ordinance became res adjudicata and could not thereafter be reviewed collaterally by habeas corpus. Accordingly, the judgment of the trial court denying the writ and dismissing the petition was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1959—DECIDED JUNE 5, 1959.

*Frank Foy Faulk, Jr.,* for plaintiff in error.
*H. G. Rawls,* contra.