## 31282. BUNN v. BURDEN et al.

UNDERCOFLER, Presiding Justice.

This is a habeas corpus seeking to set aside a sentence of two years probation and a $2,000 fine on a nolo contendere plea for possessing phencyclidine. Appellant was indicted and sentenced under Code Ann. § 79A-903 (b) (4) prior to that section being held unconstitutional by this court in *Sundberg v. State,* 234 Ga. 482 (216 SE2d 332) (1975). The trial court held the *Sundberg* decision was not retroactive and dismissed the petition. We reverse. "A criminal indictment and subsequent conviction thereof based upon a void statute is nugatory, without any force or effect and should be dismissed." *Cadle v. State,* 136 Ga. App. 232 (2) (221 SE2d 59) (1975). Habeas corpus is not an available remedy for the recovery of a fine. Code Ann. §§ 50-101, 50-127 (1).

*Judgment reversed. All the Justices concur, except Jordan, Ingram and Hill, JJ., who concur specially.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 7, 1976.

*Reber Boult, Al Horn,* for appellant.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellees.

HILL, Justice, concurring specially.

I dissented in *Sundberg v. State,* supra. Nevertheless, in *Sundberg v. State* a majority of this court held Code Ann. § 79A-903 (b) (4) to be unconstitutional and that is the law. The correctness of *Sundberg* is not in issue here. The issue here is whether a decision of this court, holding a section of our Code to be unconstitutional, shall be given retroactive effect in favor of a defendant who was indicted, tried and sentenced under an unconstitutional provision of law. I agree with the majority that a person cannot be held in prison pursuant to a sentence imposed under an unconstitutional law and I therefore concur in the judgment.

I am authorized to state that Justice Jordan and

Justice Ingram join in this special concurrence.