IN THE MATTER OF THE APPLICATION OF JAMES ROSE
FOR A WRIT OF HABEAS CORPUS.

Argued April 21, 1939—Decided May 22, 1939.

Before Justices DONGES.

For the petitioner, *Mario H. Volpe.*

For the state, *Robert Peacock* and *Lynwood Lord.*

DONGES, J.  Petitioner seeks release from imprisonment on a plea of guilty to an indictment for violation of section 4 of chapter 155, laws of 1934 (*R. S.* 2:136-4), on commitment by the Court of Quarter Sessions of Gloucester county. Petitioner was committed to the state prison on February 25th, 1935, for a term of not more than nine years and not less than six years, and has been confined since the date aforesaid.  On March 27th, 1939, the Supreme Court of the United States held section 4 of the aforementioned act unconstitutional in that:  "The challenged provision condemns no

act or omission; the terms it employs to indicate what it purports to denounce are so vague, indefinite and uncertain that it must be condemned as repugnant to the due process clause of the Fourteenth Amendment." *Lanzetta et al., appellants, v. The State of New Jersey* (No. 308, October term, 1938), 83 *L. Ed.* 590.

Objection is made to the content of the petition on the grounds that there are inconsistent statements and that the petition is not adequate. Inasmuch as the questions presented are of importance to the public as well as the prisoner, I prefer to dispose of them on their merits.

At the outset, we are met with the question of whether *habeas corpus* is the proper remedy. It is settled that a writ of *habeas corpus* is not available to take the place of a writ of error.

The act concerning *habeas corpus* provides: "Except as provided in section 2:83-13 of this title, the persons herein enumerated may have a writ of *habeas corpus* to inquire into the cause of their imprisonment, detention or restraint:

"a. Any person committed, detained, confined or restrained of his liberty, within this state, for any criminal or supposed criminal matter or under any pretense whatsoever." *R. S.* 2:82-12.

"The following persons shall not be entitled to prosecute a writ of *habeas corpus:* * * * b. Persons committed or detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction * * *." *R. S.* 2:82-13.

It is admitted that the Court of Quarter Sessions is a competent tribunal of criminal jurisdiction and that it has jurisdiction over crime of the kind sought to be established by the act of the legislature declared invalid.

It is alleged on behalf of the prisoner that the act being unconstitutional all proceedings thereunder are void; that any decision a court may make is without power and, therefore, void; that an unconstitutional law is no law, and any offense created thereby is not a crime, and that, therefore, the trial court was not a competent tribunal of criminal jurisdiction.

The rule is stated in *Bac. Abr. Hab. Corp. B.* 10, as follows: "If the commitment be against law, as being made by one who had no jurisdiction of the cause, or for a matter for which by law no man ought to be punished, the courts are to discharge."

The decisions of the various states are not in harmony, but the general rule is that in case of conviction under an unconstitutional law, the judgment thereon may be impeached in *habeas corpus* proceedings to establish the right of the person detained of his liberty and that, in such case, the trial court is without jurisdiction; that the judgment is utterly void and may be collaterally attacked.

In *Ex Parte Siebold,* 100 *U. S.* 37, 371; 25 *L. Ed.* 717, Mr. Justice Bradley, in speaking for the court, said: "The validity of the judgment is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If the position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court's authority to try and imprison the party may be reviewed on *habeas corpus* by a superior court or judge having authority to award the writ. We are satisfied that the present is one of the cases in which this court is authorized to take such jurisdiction. We think so, because, if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes. Its authority to indict and try the petitioner arose solely upon these laws."

See, also, *State* v. *Osborne,* 79 *N. J. Eq.* 430, and cases cited there.

These conclusions are further supported by the unquestioned fact that there is no remedy open to the prisoner to obtain his enlargement if *habeas corpus* is unavailable. The

trial court has lost control over the case; the time for appeal has long since passed. The prisoner is without remedy to enforce his rights, except on *habeas corpus*.

In the case under consideration, it is apparent that the statute having been declared unconstitutional, there was no jurisdiction in the trial court, and any proceedings thereunder were wholly void. And this conclusion is not shaken because the prisoner pleaded guilty. There was no violation of law and no offense committed. Hence the prisoner is not lawfully detained.

I conclude that the prisoner is entitled to his discharge.