STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey C. DENNY, Defendant-Appellant.†

Court of Appeals

*No. 90–2019–CR. Submitted on briefs March 26, 1991.—Decided May 15, 1991.*

(Also reported in 471 N.W.2d 606.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kevin J. Lyons* and *Steven L. Nelson* of *Cook & Franke, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Barry M. Levenson,* assistant attorney general.

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   Jeffrey C. Denny appeals from an order denying a motion for postconviction relief. The issue in this case is whether inculpatory statements made by Kent Denny, Jeffrey's brother and nontestifying codefendant, were inadmissible against Jeffrey

because they were barred by the confrontation clause. Jeffrey contends he should receive a new trial under *Cruz v. New York,* 481 U.S. 186 (1987), because *Cruz* should be applied retroactively. *Cruz* held that "where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." *Id.* at 193 (citation omitted). Although we hold that *Cruz* should be applied retroactively, we affirm the conviction because we conclude that Kent's statements were directly admissible against Jeffrey.

Jeffrey was convicted of first-degree murder in 1982. His brother Kent was a codefendant in the trial. Neither brother testified, but the trial court allowed the prosecution to introduce inculpatory statements each defendant made to several third parties. The trial court instructed the jury that statements made by a particular defendant should be considered only with respect to that defendant.

Both Jeffrey and Kent appealed their conviction claiming the trial court erred by denying their motions for severance. This court upheld Kent's conviction based on *Parker v. Randolph,* 442 U.S. 62 (1979). *State v. Denny,* 120 Wis. 2d 614, 357 N.W.2d 12 (Ct. App. 1984). In a companion case resting largely on the same reasoning, this court summarily affirmed Jeffrey's conviction. *State v. Denny,* No. 83–1311–CR, unpublished slip op. (Wis. Ct. App. Dec. 5, 1984).

In *Parker,* the United States Supreme Court held that admission of interlocking confessions, with proper limiting jury instructions, did not violate the defendant's

right of confrontation guaranteed by the sixth and fourteenth amendments. *Parker*, 442 U.S. at 75. Interlocking inculpatory statements are statements that clearly demonstrate the involvement of each defendant as to crucial facts such as time, place and activity and an awareness of an overall plan or scheme. *See id.* at 67–68. Kent argued that his statements and those of his brother did not actually interlock because Jeffrey's statements were more comprehensive and detailed than Kent's. *Denny,* 120 Wis. 2d at 618, 357 N.W.2d at 14. We held that the statements were interlocking because no apparent inconsistencies existed between the two sets of statements; both sets of statements were substantially similar in terms of the crucial facts and an awareness of an overall plan; and no doubt existed that the statements of the two brothers described the same crime. *Id.* at 619, 357 N.W.2d at 14.

Since then, the United States Supreme Court has decided *Cruz,* which overturns *Parker.* In *Cruz,* the Court held that where a nontestifying codefendant's confession which incriminates the defendant is not directly admissible against the defendant, the confrontation clause bars the confession's admission at their joint trial even if a limiting instruction is given and even if the defendant's own confession corroborating that of the codefendant is admitted against the defendant. *Cruz,* 481 U.S. at 193. In deciding whether the codefendant's confession is directly admissible, the trial court may look to the defendant's own confession to assess whether the codefendant's statements are supported by sufficient indicia of reliability. *Id.* at 193–94. Jeffrey argues that the new rule set forth in *Cruz* applies squarely to his case and that it should be applied retroactively.

■

Retroactivity is properly treated as a threshold question. *Teague v. Lane,* 489 U.S. 288, 300 (1989). A new rule[1] generally should not be applied retroactively to cases on collateral review. *Id.* at 305. There are two exceptions. First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe. *Id.* at 307. This exception does not describe the situation here, however. Second, a new rule should be applied retroactively if it requires observance of those procedures that are implicit in the concept of ordered liberty. *Id.*

■

Based on the second exception, we conclude that *Cruz* should be applied retroactively in this case. The confrontation clause of the sixth amendment guarantees the right of the criminal defendant to be confronted with the witnesses against him. *Cruz,* 481 U.S. at 189. Failing to apply a rule interpreting this right would offend our concept of ordered liberty and be against public policy.

■

Although we hold that *Cruz* should be applied retroactively, the new rule does not mandate a reversal of Jeffrey's conviction. *Cruz* would require reversal only if Kent's statements—which incriminate Jeffrey—were not directly admissible against Jeffrey at their joint trial. We conclude that Kent's statements were directly admissible against his brother Jeffrey and, therefore, were not barred by the confrontation clause.

---

[1]A case announces a new rule when it breaks new ground or imposes a new obligation on the states or the federal government. *Teague v. Lane,* 489 U.S. 288, 301 (1989).

Two prerequisites exist when determining the admissibility of hearsay evidence to satisfy the confrontation clause. *State v. Bauer,* 109 Wis. 2d 204, 215, 325 N.W.2d 857, 863 (1982). First, the witness must be unavailable. *Id.* Kent was unavailable as a witness because he was tried jointly with Jeffrey and elected not to testify. *See State v. Martinez,* 150 Wis. 2d 62, 76, 440 N.W.2d 783, 789 (1989).

The second prerequisite is that the evidence must bear some indicia of reliability. *Bauer,* 109 Wis. 2d at 215, 325 N.W.2d at 863. If the evidence fits within a firmly-rooted hearsay exception, reliability can be inferred and the evidence generally is admissible. *Id.* Kent's confession fits into the "Statement Against Interest" hearsay exception codified in sec. 908.045(4), Stats. In relevant part, that statute defines a statement against interest as:

> A statement which . . . at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true.

*Id.* A statement against interest is a firmly rooted hearsay exception. *State v. Buelow,* 122 Wis. 2d 465, 479, 363 N.W.2d 255, 263 (Ct. App. 1984).

Even if Kent's statements did not fit within a firmly rooted hearsay exception, the statements would be directly admissible if they contained particularized guarantees of trustworthiness, or sufficient indicia of reliability. *See Bauer,* 109 Wis. 2d at 214–15, 325 N.W.2d at 863. Jeffrey's own confession may be considered to

assess whether Kent's statements are supported by sufficient indicia of reliability. *Cruz*, 481 U.S. at 193–94.

In this case, sufficient indicia of reliability supported the statements made by Kent. Witnesses testified that both brothers stated substantially the same thing. They both confessed to the same crime to others and included similar details and facts in those confessions. For example, both brothers told others that Kent began to stab Christopher Mohr and then Jeffrey took over. Both brothers also testified that one of them hit the victim on the head with a bong pipe. Furthermore, Kent made statements about a "murder shirt" and Jeffrey made statements about "murder shoes."

The state argues that even if Kent's statements were not directly admissible, it was harmless error to admit them. We agree. The test for harmless error is whether there is a reasonable possibility that the error contributed to the conviction. *State v. Evers,* 139 Wis. 2d 424, 446, 407 N.W.2d 256, 266 (1987). To ascertain whether the same result would have occurred, we look at the total record and determine whether the error contributed to the trial's outcome. *Id.* at 447, 407 N.W.2d at 266. Upon reviewing the record, we conclude there is evidence sufficient to convict Jeffrey even without the statements made by Kent.

Five different people testified that Jeffrey confessed to them his direct participation in the murder of Mohr. Another person testified that Jeffrey said a bag he was carrying contained the "murder shoes." The tread of these shoes was the same as that of a shoe print found on a telephone book at the murder scene. One person also testified that Jeffrey said he hit Mohr with a bong pipe, in addition to stabbing him. Fragments of a bong pipe were found at the murder scene. All of these statements

were consistent, made at different times and places, in some instances corroborated by physical evidence, and were found to be credible by the jury. These statements were independent from any made by Kent. As a result, even if Kent's statements were not directly admissible as to Jeffrey, it was harmless error to admit them.

*By the Court.*—Order affirmed.