STATE of Wisconsin, Plaintiff-Respondent,†

v.

Frank P. HOWARD, Defendant-Appellant.

Court of Appeals

*No. 95–0770. Submitted on briefs December 15, 1995.—Decided January 24, 1996.*

(Also reported in 544 N.W.2d 626.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel R. Clausz, Williams Law Offices*, of Delavan.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Sharon Ruhly*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Frank P. Howard appeals[1] from an order of the trial court denying his § 974.06, STATS., motion. Howard requested a new trial on the issue of the weapons enhancer in light of the supreme court's holding in *State v. Peete*, 185 Wis. 2d 4, 517

---

[1] This case was previously on appeal in *State v. Howard*, No. 91-1163–CR, unpublished slip op. (Wis. Ct. App. Nov. 27, 1991), where Howard appealed his conviction, challenging the admission of a prosecution witness's prior consistent statement under § 908.01(4)(a)2, STATS., to rebut a charge of recent fabrication. We affirmed the trial court's decision to admit the prior consistent statement into evidence.

N.W.2d 149 (1994), where the court held that in order to be convicted of a weapons enhancer, a nexus must be established between the crime committed and the dangerous weapon. We conclude that *Peete* applies retroactively to Howard's conviction of the weapons enhancer. Accordingly, we reverse the trial court as to the weapons enhancer and remand for a new trial on this issue alone.

The criminal complaint alleged, among other things, that Howard aided and abetted the commission of a crime and knowingly and unlawfully delivered a controlled substance while possessing a dangerous weapon. According to police testimony, when they searched Howard at the scene, they found a handgun in his coat pocket. Howard informed the police that he had another gun in his jacket. Howard, however, testified that he told the police that he had two guns before he was searched.

A jury trial was held on February 20-21, 1990. After the close of the evidence, the trial court instructed the jury regarding the penalty enhancer as follows:

> The first count of the Information alleged not only that the Defendant committed the crime of party to the crime of delivery of cocaine on January 20th, 1989, but also that he did so while possessing a dangerous weapon.
> If you find the Defendant guilty of party to the crime of delivery of cocaine, you must answer the following question: Did the Defendant commit the crime of party to the crime of delivery of cocaine while possssssing [sic] a dangerous weapon?
> Before you may answer this question "yes," you must be satisfied beyond a reasonable doubt that the Defendant committed the crime while possessing a dangerous weapon.

457

A "dangerous weapon" is any firearm, whether loaded or not.

If you are satisfied beyond a reasonable doubt from the evidence presented that the Defendant committed the crime of party to the crime of delivery of cocaine while possessing a dangerous weapon — and again this relates to Count No. 1, ladies and gentlemen, the January 20th, 1989, incident — then you should answer the question "yes."

If you are not so satisfied, then you must answer the question "no."

Howard was subsequently convicted of party to the crime of delivery of cocaine while possessing a dangerous weapon, possession of a firearm after having been convicted of a felony and delivery of cocaine.[2]

On December 13, 1994, Howard filed a motion for postconviction relief pursuant to § 974.06, STATS., asserting that he should receive a new trial on the issue of whether he was guilty of engaging in the conduct prohibited by § 939.63, STATS., based on the June 22, 1994, Wisconsin Supreme Court holding in *Peete*. He argued that because the jury did not find beyond a reasonable doubt that he possessed a dangerous weapon to facilitate the commission of the drug offense, due process and the *Peete* decision required that he receive a new trial on the dangerous weapon enhancer.

---

[2] The relevant portion of Howard's sentence was as follows:

As to count number 1, the court is going to sentence Mr. Howard to the maximum allowed sentence under the law, that will be nine years in duration. So that we are absolutely clear, the underlying offense carried a maximum term of five years. Because Mr. Howard has been convicted of committing that drug delivery while armed, the law provides for the imposition of increasing that sentence by not more than four years. The maximum sentences on that count are warranted herein.

The trial court denied Howard's motion. Howard appeals.

Howard argues that the decision in *Peete* should apply retroactively. In *Peete*, the issue on appeal was whether § 939.63, STATS.,[3] requires the state to prove the existence of a nexus between the crime and the weapon the defendant possesses and, if so, how the nexus should be defined. *Peete*, 185 Wis. 2d at 16, 517 N.W.2d at 153.[4] The Wisconsin Supreme Court held that § 939.63 was intended to apply only when there is a relationship between the weapon and the substantive crime. *Peete*, 185 Wis. 2d at 16-17, 517 N.W.2d at 153. The court wrote:

> If a defendant commits a crime while using or threatening to use a dangerous weapon, a nexus is established. . . . The nexus required by the "while possessing" language of sec. 939.63 is an element of sec. 939.63. The Due Process Clause of the Fourteenth Amendment requires that the State prove

[3] Section 939.63, STATS., provides in pertinent part:

(1)(a) If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows . . . .

[4] In *Bailey v. United States*, 116 S. Ct. 501, 505 (1995), the Supreme Court decided a similar issue:

Section [18 U.S.C. § 924(c)(1)] requires the imposition of specified penalties if the defendant, "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." Petitioners argue that "use" signifies active employment of a firearm. Respondent opposes that definition and defends the proximity and accessibility test adopted by the Court of Appeals. We agree with petitioners, and hold that § 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense.

beyond reasonable doubt every element of the crime charged.

*Peete*, 185 Wis. 2d at 18-19, 517 N.W.2d at 154.

We must decide whether to retroactively apply the holding of *Peete* to the present case. This is a question of law that we review de novo. *See Schulz v. Ystad*, 155 Wis. 2d 574, 596, 456 N.W.2d 312, 320 (1990).

In *State v. Denny*, 163 Wis. 2d 352, 357, 471 N.W.2d 606, 608 (Ct. App. 1991)(footnote omitted), the court stated that "A new rule generally should not be applied retroactively to cases on collateral review." However, two exceptions exist:

> First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. . . . Second, a new rule should be applied retroactively if it requires observance of those procedures that are implicit in the concept of ordered liberty.

*Id.* We conclude that the first exception articulated in *Denny* applies to the present case. The rule articulated in *Peete*, that a nexus must exist between the weapon and the substantive crime, places the conduct beyond the power of the criminal law-making authority to proscribe. Therefore, under *Denny* we may apply the *Peete* holding retroactively to Howard's conviction of the penalty enhancer.

Before we can apply the *Peete* rule retroactively to Howard's situation, however, he must meet the requirements articulated in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). The court in

*Escalona-Naranjo* stated: "First, all grounds for relief under § 974.06 must be raised in a petitioner's original, supplemental, or amended motion." *Escalona-Naranjo*, 185 Wis. 2d at 181, 517 N.W.2d at 162. Section 974.06, STATS., provides in relevant part:

> **(1)** After the time for appeal or postconviction remedy . . . has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> **(4)** All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.*

*Id.* (emphasis added). According to *Escalona-Naranjo* and § 974.06(4), if a ground for relief was not raised in an original, supplemental or amended motion, a defendant must show a sufficient reason why it was not

asserted previously. *See Escalona-Naranjo*, 185 Wis. 2d at 181-82, 517 N.W.2d at 162.

■

We agree with Howard that the requirements of *Escalona-Naranjo* have been met. The fact that Howard could not have foreseen the affect of the *Peete* decision at the time of his appeal constitutes a sufficient reason for not raising the issue at an earlier date.

The State argues that Howard's "claim that the jury did not find him guilty of possessing a weapon while committing delivery of a controlled substance does not rest on a rule of procedure and was available at the time of his direct appeal." It argues that a challenge to the sufficiency of the evidence would have been available apart from the *Peete* decision and Howard could have challenged the legal sufficiency of the evidence adduced at trial to prove the weapons enhancer.

We decline to adopt the State's argument that Howard is really arguing sufficiency of the evidence. The issue in *Peete* was one of statutory interpretation regarding § 939.63, STATS. It is impractical to expect a plaintiff to argue sufficiency of the evidence regarding an unknown statutory interpretation. Although the court in *United States v. Dashney*, 52 F.3d 298, 299 (10th Cir. 1995) (quoted source omitted), stated that "a statute cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards," a party cannot know the appropriate legal argument until a higher authority determines the correct application.

The State also argues that even if *Peete* applies retroactively, Howard has waived his claim of error. The State claims that because Howard did not object to the jury instructions as given, he lost the right to appellate review. We reject this argument. We agree with

Howard that he did not object to the jury instructions because he did not foresee the subsequent *Peete* decision in which the court determined that the penalty enhancer statute required a nexus between the weapon and the underlying crime. The jury instructions on the weapon enhancer were adequate at the time of trial. We conclude that this reason sufficiently disposes of the State's waiver argument.

██

We conclude that Howard is entitled to a new trial on the charge of a penalty enhancer so that the trier of fact can determine whether there was a nexus between the crime committed and the dangerous weapon. Similar to the situation in *Dashney*, the *Peete* decision explained what conduct is criminalized and that mere possession of a weapon that is not used or threatened to be used in the commission of a crime cannot give rise to a weapons enhancer.[5] As the court stated in *Dashney*:

> [P]rinciples of judicial finality, which the government urges and the district court observed, are irrelevant. Surely, if a defendant's conviction and punishment are for an act that the law does not make criminal, there can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and presents

---

[5] In *United States v. Dashney*, 52 F.3d 298, 299 (10th Cir. 1995), the court stated:

What [*Ratzlaf v. United States*, 114 S. Ct. 655 (1994)] did was articulate the substantive elements which the government must prove to convict a person charged under [31 U.S.C. §§ 5322(a) and 5324(3)]. That is, it explained what conduct is criminalized. This is a substantive change in the law mandating retroactivity because a statute cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards. [Quoted source omitted.]

exceptional circumstances that justify collateral relief . . . .

*Dashney*, 52 F.3d at 299 (quoted source omitted). Similarly, Howard's possession of a dangerous weapon may be an act that would not give rise to a penalty enhancer conviction. If this is the case, it would be a miscarriage of justice to deny him the retroactive application of *Peete*.

We therefore reverse Howard's conviction of party to the crime of delivery of cocaine while possessing a dangerous weapon and direct the trial court to enter a judgment of conviction solely on delivery of cocaine.[6] Howard is entitled to a new trial on the issue of whether he was guilty of delivery while possessing a dangerous weapon. Additionally, Howard's sentence with respect to delivery of cocaine while armed should be vacated and Howard should be resentenced solely on the charge of delivery of cocaine. If Howard is retried, the trial court should vacate the sentence and resentence him after the new trial.

*By the Court.*—Order reversed and cause remanded with directions.

---

[6] We do not disturb Howard's conviction of possession of a firearm after having been convicted of a felony and delivery of cocaine.