STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul R. BENZEL, Defendant-Appellant.

Court of Appeals

*Nos. 97–3528–CR, 97–3529–CR. Submitted on briefs May 18, 1998.—Decided June 16, 1998.*

(Also reported in 583 N.W.2d 434.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Paul R. Benzel*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Posner-Weber*, assistant attorney general.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J.   Paul Benzel, pro se, appeals an order denying his motion for postconviction relief under § 974.06, STATS., alleging violation of his constitutional rights and ineffective assistance of counsel. The trial court denied the motion, concluding that *State v. Hall*, 207 Wis. 2d 54, 557 N.W.2d 778 (1997), which held that

§ 139.95, STATS., was unconstitutional, was not retroactively applicable. The trial court also concluded that Benzel had waived the right to challenge his conviction or sentence because he pled no contest and failed to challenge § 139.95's constitutionality prior to plea and sentencing.

In February 1995, Benzel pled no contest to one count of possession of marijuana with intent to deliver, in violation of § 161.41(1m)(h)(3), STATS., 1993–94, and one count of possession of drugs without a tax stamp, in violation of § 139.95(1), STATS. In a separate case, he also entered a no contest plea to one charge of felon in possession of a firearm, in violation of § 941.29(2), STATS., 1993–94.[1] In March 1995, Benzel was sentenced in both cases and received one year imprisonment on the firearm conviction, consecutive to a sentence he was then serving on an unrelated charge. The trial court also imposed a stayed sentence of seven years' imprisonment each on the possession and drug stamp counts, consecutive to each other and to any other sentences, and placed him on probation for seven years on each count consecutive to the prison sentence.

On appeal, Benzel argues that his conviction for possession of drugs without a tax stamp should be overturned based on the declaration in *Hall* that § 139.95, STATS., is unconstitutional. He claims the trial court erred by concluding *Hall* did not affect his drug tax stamp conviction and argues that while *Hall* did not specifically address the question of retroactive application, it should be so applied in his case based on the holding in *Hall* and the interests of justice.

The State asserts that Benzel waived the ability to attack the constitutionality of the drug tax stamp law

---

[1] Benzel does not seek any modification of the firearm conviction in case No. 95-CF–13.

when he entered a no contest plea to the charge of possession of drugs without a drug tax stamp. It further argues that Benzel waived any challenge to the validity of the drug tax stamp law because he did not raise the issue before the trial court prior to plea and sentencing.

Ordinarily, even a claim of a constitutional right will be deemed waived unless timely raised before the trial court. *Bradley v. State*, 36 Wis. 2d 345, 359, 153 N.W.2d 38, 44 (1967). The *Bradley* court, however, further held that "the court may nevertheless decide a constitutional question not raised below if it appears in the interests of justice to do so and where there are no factual issues that need resolution." *Id.* at 359–60, 153 N.W.2d at 44. The *Bradley* rule has been consistently followed. *Maclin v. State*, 92 Wis. 2d 323, 329, 284 N.W.2d 661, 664 (1979).

Here, there are no factual issues present, and we determine that it is in the interests of justice to address Benzel's claim even though he did not raise an objection in the trial court and despite his no contest plea. Benzel stands convicted of a charge based on a statute that has been found constitutionally invalid. He is currently serving a prison term because his probation was revoked on an unrelated charge. His seven-year prison sentence on the possession of marijuana with intent to deliver has been stayed, as was the sentence imposed on the drug tax stamp law conviction. In the interests of justice, we will address Benzel's claim that his drug tax stamp conviction should be reversed in light of the holding in *Hall*. *See* § 752.35, STATS.; *Bradley*, 36 Wis. 2d at 359–60, 153 N.W.2d at 44.

██

The main issue on appeal is whether to retroactively apply the holding of *Hall* to the present case.

This presents a question of law we review de novo. *State v. Howard*, 199 Wis. 2d 454, 459–60, 544 N.W.2d 626, 628–29 (Ct. App. 1996), *aff'd*, 211 Wis. 2d 269, 564 N.W.2d 753 (1997).

We are not concerned here with the application of a procedural rule which does not affect the basic accuracy of the factfinding process at trial. Rather, this case centers on whether retroactive application is warranted when the conduct in question cannot constitutionally be punished in the first place. Confronted with an almost identical issue, the Supreme Court in *United States v. United States Coin & Currency*, 401 U.S. 715, 723–24 (1971), applied retroactively its earlier decisions in *Marchetti v. United States,* 390 U.S. 39 (1968), and *Grosso v. United States,* 390 U.S. 62 (1968), holding that forfeiture statutes requiring gamblers to register and pay a gambling tax violated the Fifth Amendment privilege. Similarly, we conclude that retroactive application of *Hall* is required because failure to do so leads to the untenable result that a person stands convicted for conduct which has been held constitutionally immune from punishment. *See id.*

Logic dictates that *Hall* must be applied retroactively. A court cannot acquire jurisdiction to try a person for an act made criminal only by an unconstitutional law. *See Kelley v. Meyers*, 263 P. 903 (Or. 1928); *see also State v. Williams*, 61 S.E. 61 (N.C. 1908); *Ex parte Hollman*, 60 S.E. 19 (S.C. 1908); *State v. Dove,* 67 N.W.2d 917 (S.D. 1955); 21 AM. JUR. 2D *Criminal Law* § 535 at 885 (1981). It follows that an offense created by an unconstitutional statute is no longer a crime and a conviction under such statute cannot be a legal cause for imprisonment.

The same rationale was employed in *State v. Briggs*, No. 97–1558-CR, 1998 WL 133802 (Wis. Ct. App. March 26, 1998, ordered published April 29, 1998), where we vacated a judgment of conviction for attempted felony murder because the defendant had pled no contest to an offense not known to law in this state. In *Briggs*, we held that "a judgment resulting from a complaint or information which charges no offense recognized in law is void *ab initio*," *id*. at *3. We concluded that because the court had no subject matter jurisdiction over a non-existent crime, even though the conviction was based on a plea agreement, the conviction must be vacated. *Id*. Wisconsin courts have implicitly adopted this reasoning by reversing pre-*Hall* convictions for violation of the drug tax stamp law based on the court's holding in *Hall* that the drug stamp tax law is unconstitutional. *See State v. Ruiz*, 213 Wis. 2d 200, 204–05, 570 N.W.2d 556, 558 (Ct. App. 1997); *State v. Martinez*, 210 Wis. 2d 397, 402–03, 563 N.W.2d 922, 924–25 (Ct. App. 1997). The *Ruiz* and *Martinez* courts, however, reached their conclusions without specifically analyzing the issue of retroactive application of *Hall*.

We therefore conclude that *Hall* retroactively applies to this particular case; we reverse Benzel's conviction for violation of § 139.95(1), STATS., and the order denying postconviction relief, and remand to the trial court with instructions to vacate Benzel's drug tax stamp law conviction.

*By the Court.*—Order reversed and cause remanded.