STATE of Wisconsin, Plaintiff-Respondent,†

v.

Jimmie DAVISON, Defendant-Appellant.

Court of Appeals

*No. 01–0826–CR. Submitted on briefs March 7, 2002.—Decided April 24, 2002.*

2002 WI App 109

(Also reported in 647 N.W.2d 390.)

† Petition to review granted 9-3-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley* of the *University of Wisconsin Law School, Frank J. Remington Center*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Diane M. Welsh*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Jimmie Davison appeals a judgment of conviction and an order denying his post-conviction motion. A judgment of conviction was entered pursuant to a guilty plea of battery by a prisoner under WIS. STAT. § 940.20(1) (1999–2000),[1] aggravated battery under WIS. STAT. § 940.19(6), and threats to injure under WIS. STAT. § 943.30(1), all as a repeater under WIS. STAT. § 939.62. In addition, the trial court denied Davison's amended postconviction motion to reconsider vacating either the aggravated battery count as a repeater or the battery by a prisoner count as a repeater. The motion alleged that the two counts of battery were multiplicitous, thereby violating his state and federal constitutional guarantees against double jeopardy.[2] The court declined to re-entertain the motion, reasoning that Davison waived his multiplicity and double jeopardy claim by pleading guilty.

¶ 2. Davison's appeal raises three issues: (1) was the right to challenge on the ground of multiplicity and a violation of double jeopardy rights waived by a guilty plea, (2) are the charges of battery multiplicitous under WIS. STAT. § 939.66(2m), and (3) what is the appropriate

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

[2] The Fifth Amendment to the United States Constitution states that "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article I, section 8 of the Wisconsin Constitution states that "no person for the same offense may be put twice in jeopardy of punishment."

remedy. We conclude that Davison did not waive his right to challenge multiplicity and § 939.66(2m) applies to Wis. Stat. §§ 940.19 and 940.20, consequently making the charges multiplicitous. As to the remedy, we remand the issue to the trial court to conduct a hearing to determine whether the usual remedy of reversing the conviction, vacating the plea agreement, and reinstating the original information applies, or whether a different remedy is more appropriate. We therefore reverse and remand for further proceedings by the trial court.

## FACTS

¶ 3. On November 11, 1997, Davison was an inmate at the Kenosha Correctional Center assigned to a work release program at Maple Leaf Farms in Franksville, Wisconsin. On this date, Davison arranged for his wife, Sharon, to bring him lunch on the grounds of Maple Leaf Farms.

¶ 4. When Sharon arrived, according to the complaint, Davison got into the car and instructed her to drive into the farm area and park inside an isolated shed-type building. Davison then made a sexual advance towards his wife, which she rejected. For the next forty-five minutes, Sharon claims that Davison intermittently choked her, attempted to kiss or touch her, and continually screamed at her. At one point, she got out of the car and tried to escape, but Davison pursued and caught her and pulled her back into the shed. Davison then pulled her back into the car and began choking her again. Davison finally stopped choking her when she reminded him that he had to get back or he would be in trouble. His wife then drove him back to the work area and before getting out he punched her on the left side of the head.

¶ 5. Additionally, on February 8, 1998, Sharon brought their children to the Kenosha Correctional Center for a visit. During this visit, Davison threatened Sharon, saying that he would "blow her away" if she proceeded with filing for a divorce. He told her that he would set up a hit so that she would be killed and he would not be linked to the murder.

¶ 6. The criminal complaint filed by the Kenosha County District Attorney's Office charged Davison for the November 11 incident with one count of kidnapping, one count of false imprisonment, and one count of aggravated battery, all as a repeater. In addition, the complaint included one count of threats to injure as a repeater for the February 8 incident. The second count of battery by a prisoner as a repeater was added to the information filed July 27, 1998, based on the November 11 incident.

¶ 7. In response to the second count of battery being added to the information, Davison filed a motion on September 2, 1998, claiming that the two battery charges were multiplicitous under WIS. STAT. § 939.66(2m) and violated the constitutional prohibition against double jeopardy. On September 30, 1998, the trial court rejected Davison's motion, finding that the charges were not multiplicitous or in violation of double jeopardy.

¶ 8. Subsequently, Davison entered into a plea agreement whereby the State would dismiss but read in kidnapping as a persistent repeater and false imprisonment as a repeater; in return, Davison pled guilty to aggravated battery as a repeater, battery by a prisoner as a repeater, and threatening to injure as a repeater. However, the plea bargain did not include any provisions barring Davison from making his multiplicity or double jeopardy claim on appeal.

¶ 9. The court sentenced Davison to six years in prison for the aggravated battery, five years to be served consecutively for the battery by a prisoner, and another five-year term to be served consecutively for the threats to injure. Following sentencing, Davison appealed. Davison then complained that his appointed attorney failed to consult with him. The court of appeals granted Davison's counsel's motion to withdraw, directed the public defender to appoint new counsel, and granted an extension of time for filing a postconviction motion and appeal.

¶ 10. Accordingly, on January 26, 2001, Davison filed a postconviction motion, and on February 20, 2001, an amended postconviction motion reraising the multiplicity and double jeopardy claim was filed. The court denied the multiplicity and double jeopardy claim, finding that although the claim may have merit, the issue was waived by the guilty plea. Davison appeals.

## DISCUSSION

¶ 11. In reviewing this decision, this court independently reviews questions of constitutional fact, requiring the application of constitutional principles to the facts of the case. *State v. Anderson*, 214 Wis. 2d 126, 129, 570 N.W.2d 872 (Ct. App. 1997).

### *Waiver*

██

¶ 12. The State argues that Davison waived his right to challenge on the ground of multiplicity and to claim a violation of his protection against double jeopardy in regard to the two battery charges when he

entered a plea of guilty.[3] However, while it is true that a guilty plea waives all nonjurisdictional defects, including constitutional claims, *Mack v. State*, 93 Wis. 2d 287, 293, 286 N.W.2d 563 (1980), there are certain defects that are not waived. Double jeopardy claims are one such defect. *State v. Morris*, 108 Wis. 2d 282, 284 n.2, 322 N.W.2d 264 (1982).

¶ 13. In this case, as in *State v. Hubbard*, 206 Wis. 2d 651, 656, 558 N.W.2d 126 (Ct. App. 1996), the potential double jeopardy violation is facially ascertainable on the record without supplementation. We conclude that Davison has not waived his right to challenge on the ground of multiplicity and to claim a double jeopardy violation.

¶ 14. Even though we find that Davison has the right to challenge, we still keep in mind that serious charges were dropped in the plea agreement, which had a potential penalty of life plus eight years' imprisonment, in return for Davison's guilty plea to the battery charges. The benefits accruing to Davison as a result of the plea agreement will be considered in the remedy portion of this opinion. Since we have determined that Davison has not waived his right to challenge, we now turn to the issue of multiplicity.

---

[3] The two relevant battery statutes are WIS. STAT. § 940.19(6), which provides in part: "Whoever intentionally causes bodily harm to another by conduct that creates a substantial risk of great bodily harm is guilty of a Class D felony"; and WIS. STAT. § 940.20(1) governing battery by prisoners, which provides: "Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony."

## *Multiplicity*

█

¶ 15. Multiplicity claims are analyzed using a two-pronged test: (1) whether the charged offenses are identical in law and fact; and (2) if the offenses are not identical in law and fact, whether the legislature intended the multiple offenses to be brought as a single count. *State v. Anderson*, 219 Wis. 2d 739, 746, 580 N.W.2d 329 (1998).

¶ 16. Whether offenses are different in law, for purposes of double jeopardy, is determined by the *Blockburger v. United States*, 284 U.S. 299, 304 (1932) "elements only" test. *State v. Lechner*, 217 Wis. 2d 392, 405–06, 576 N.W.2d 912 (1998). The *Blockburger* test states as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304. In this case, both parties agree that WIS. STAT. §§ 940.19(6) and 940.20(1) do not contain the same elements and therefore the offenses are different in law.[4] *Blockburger*, 284 U.S. at 304.

---

[4] The statutory elements of WIS. STAT. § 940.19(6) are: (1) the defendant caused bodily harm, (2) the defendant intended to cause bodily harm, (3) the defendant's conduct created a substantial risk of great bodily harm, and (4) the defendant knew that (his) (her) conduct created a substantial risk of great bodily harm. WIS JI—CRIMINAL 1226. In contrast, the statutory elements of WIS. STAT. § 940.20(1) are: (1) the defendant was a prisoner, (2) the defendant intentionally caused bodily harm, (3) the victim was a visitor to the institution, (4) the defendant caused bodily harm without consent of the victim, and (5) the

¶ 17. Since the offenses are different in law, the question becomes whether under WIS. STAT. § 939.66(2m) the battery charges should be brought as a single count. The State argues that the aggravated battery and the battery by a prisoner are not multiplicitous charges under § 939.66, which provides in part:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> . . . .
>
> **(2m)** A crime which is a less serious or equally serious type of battery than the one charged.

To arrive at this conclusion, the State reasons that the word "battery" is ambiguous and therefore we can turn to the legislative history which the State says reveals that § 939.66(2m) only applies to WIS. STAT. § 940.19 and degrees of battery. However, we disagree that the word "battery" is ambiguous and we disagree that the legislative history shows that § 939.66(2m) only applies to § 940.19 and degrees of battery.

¶ 18. As defense counsel points out, WIS. STAT. § 939.66(2m) contains no language limiting its application to any particular provisions of the statutes or any types of batteries. Instead, the statute is applicable to the entire criminal code. Furthermore, the

---

defendant knew the victim was a visitor of the institution and knew that the victim did not consent to the causing of bodily harm. WIS JI—CRIMINAL 1228.

phrase "or equally serious"[5] is included in the statute, which in this case would encompass battery by a prisoner, a Class D felony. The battery by a prisoner statute, WIS. STAT. § 940.20, provides that any battery by a prisoner is a Class D felony, whereas WIS. STAT. § 940.19 deals with the degree of crime. Since the enhancer in § 940.20 is the status of the actor, a Class A misdemeanor or a Class E felony would be charged as a Class D felony if the actor is a prisoner, thereby accomplishing the deterrent effect the legislature sought. Consequently, since the enhancer is the status of the actor in § 940.20 and not the degree of the crime, there is not an ambiguity problem between the statutes with regard to the word "battery."

¶ 19. While the impetus for creating WIS. STAT. § 939.66 originated with *State v. Richards*, 123 Wis. 2d 1, 11–12, 365 N.W.2d 7 (1985), which involved only WIS. STAT. § 940.19, the 1953 Judiciary Committee Report on the Criminal Code states:

> This section [939.66] permits conviction of a crime included within the crime charged and states what crimes are included crimes. The reason behind the rule of this section is the state's difficulty in determining before a trial exactly what crime or degree of the crime it will be able upon the trial to prove beyond a reasonable doubt.[6]

---

[5] The phrase "or equally serious" was added by 1993 Wis. Act 441, § 2.

[6] The above quote from *State v. Vassos*, 218 Wis. 2d 330, 339, 579 N.W.2d 35 (1998), is taken from the comment to WIS. STAT. § 339.66 (the precursor of WIS. STAT. § 939.66). Section 939.66 can be traced to the comprehensive revision of the criminal code in ch. 696, Laws of 1955.

*State v. Vassos*, 218 Wis. 2d 330, 339, 579 N.W.2d 35 (1998). As can be seen by the phrase "what crime or degree of the crime," the focus of the statute was which crime could be proven beyond a reasonable doubt. This comment is evidence that the focus was not on limiting the statute to § 940.19. Therefore, the State's assertion that the legislative history somehow limits § 939.66 to § 940.19 is incorrect.

¶ 20. Based on the clear statement provided in Wis. Stat. § 939.66(2m) and the lack of legislative intent to the contrary, we conclude that § 939.66 covers both Wis. Stat. §§ 940.19 and 940.20 in this case. Therefore, the two battery charges are multiplicitous and there is a double jeopardy violation. We now consider the remedy.

### *Remedy*

¶ 21. To remedy this violation, Davison asks this court to reverse with directions to vacate one of his multiplicitous battery convictions. Davison relies on *State v. Benzel*, 220 Wis. 2d 588, 590, 583 N.W.2d 434 (Ct. App. 1998), in which the accused pled no contest to multiple offenses. Benzel challenged his conviction on a tax stamp count after the supreme court declared the tax stamp statute unconstitutional. *See State v. Hall*, 207 Wis. 2d 54, 65, 557 N.W.2d 778 (1997). The court of appeals ruled that the unconstitutionality of the statute applied retroactively. *Benzel*, 220 Wis. 2d at 593. As a result, the case was remanded to the circuit court with instructions to vacate the conviction on the tax stamp count; the conviction on the other count remained intact. *Id.*

¶ 22. However, *Benzel* is not wholly analogous to the present case because there was no plea agreement

involved in that case. We cannot simply ignore the plea agreement in this case, even though the State was on notice of Davison's intention. Substantial concessions were given to Davison by the State in return for the guilty plea on the battery counts. The State relied on Davison's agreement when dropping the kidnapping and false imprisonment charges.

¶ 23. Furthermore, the court in *Benzel* could not reinstate the original information due to the unconstitutional count being void. Here, the trial court could have reinstated the original information based on the original complaint which only included aggravated battery as a repeater and not battery by a prisoner as a repeater.

¶ 24. In the Wisconsin Supreme Court's recent decision in *State v. Robinson*, 2002 WI 9, ¶ 57, 249 Wis. 2d 553, 638 N.W.2d 564, the court held that

> when an accused successfully challenges a plea to and a conviction on one count of a two-count information on grounds of double jeopardy and the information has been amended pursuant to a negotiated plea agreement by which the State made charging concessions, ordinarily the remedy is to reverse the convictions and sentences, to vacate the plea agreement, and to reinstate the original information so that the parties are restored to their positions prior to the negotiated plea agreement. We also conclude, however, that under some circumstances this remedy might not be appropriate.

Furthermore, the court held that a court must, therefore, examine the remedies available and adopt one that fits the circumstances of the case after considering both the defendant's and the State's interests. *Id.* at ¶ 48. Considerations include circumstances that would prevent the State from trying the defendant under the

original information or would prevent the defendant from defending against those counts. *See id.* at ¶ 49.

■

¶ 25. The *Robinson* case is also not entirely analogous to the present case because the information was not amended to include the illegal battery count pursuant to a negotiated plea agreement; rather, the original information included the multiplicitous count. However, *Robinson* is instructive because substantial concessions were made by the State in a negotiated plea agreement. Using *Robinson* as guidance, available remedies should be examined that fit the circumstances of this case and that take into consideration both Davison's and the State's interests. The determination of whether circumstances have changed is a factual determination better made by the trial court. Therefore, we reverse and remand for further proceedings to determine the appropriate remedy.

*By the Court.*—Judgment and order reversed and cause remanded with directions.