

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,136-01

### EX PARTE DONALD RAY CHANCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-05-05347-CR(1) IN THE 410TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

COCHRAN, J., filed a concurring opinion in which JOHNSON and ALCALA, JJ., joined.

The Court properly grants prompt relief to applicant on his claim that his conviction under Section 32.021(b) was void ab initio because we have held that the "sexually explicit communications" statute is unconstitutional.[1] It is hornbook law that

> Generally, a statute that has been declared unconstitutional is void from its inception and cannot provide a basis for any right or relief. It is thus the general rule that an unconstitutional statute, even though it has the form and name of law, in reality is not law and in legal contemplation is as inoperative

---

[1] *See Lo v. State*, 424 S.W.3d 10 (Tex. Crim. App. 2013) (online-solicitation statute, creating third degree felony offense of communicating in a sexually explicit manner with a person believed to be a minor with an intent to arouse or gratify sexual desire, violated First Amendment and was facially unconstitutional).

as if it had never undergone the formalities of enactment.[2]

For this reason, a person may always obtain relief from an indictment or a conviction based on a penal statute that has been previously declared unconstitutional.  He may obtain relief in a pretrial motion or writ; he may obtain relief on direct appeal; he may obtain relief in a habeas corpus proceeding, and it matters not whether he had ever previously objected to the statute or its application to him.  The unconstitutional statute has disappeared in a puff of smoke.  No one can be convicted for a non-existent crime and no prior conviction based upon that unconstitutional statute is valid.[3]

As the United States Supreme Court explained over a century ago, in holding that a person may obtain habeas corpus relief if he has been convicted of a crime later declared unconstitutional,

> The validity of the judgments is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not

---

[2] 12B TEX. JUR.3d *Constitutional Law* § 57, at 97 (2012); *see also* 16A AM. JUR.2d *Constitutional Law* § 195-96, 61-65 (2009) (setting out law and collecting cases).

[3] For example, this Court summarily reversed the defendant's conviction for abandoning his wife when that penal statute had previously been held unconstitutional. *McFarlin v. State*, 123 S.W. 133 (Tex. Crim. App. 1909).  We did not inquire about whether the defendant had attacked the constitutionality of the statute in his own trial, because the statute had been declared unconstitutional in a different case.  Instead, we simply announced,
> The law upon which this prosecution is predicated was held by this court unconstitutional.  *See Ex parte Frank Smythe*, 120 S.W. 200.  There being no valid law upon which to predicate a prosecution, the judgment is reversed, and the prosecution ordered dismissed.

*Id.*

a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court's authority to try and imprison the party may be reviewed on *habeas corpus* by a superior court or judge having authority to award the writ. We are satisfied that the present is one of the cases in which this court is authorized to take such jurisdiction. We think so, because, if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes. Its authority to indict and try the petitioners arose solely upon these laws.[4]

---

[4] *Ex parte Siebold*, 100 U.S. 371, 376-77 (1879) (addressing petitioner's claim in habeas proceeding, but finding that the statute criminalizing interference with the supervisors of election was not void and that the convictions were valid, denying habeas relief); *see also Hiett v. United States*, 415 F.2d 664, 666 (5th Cir. 1969) ("It is well settled that if the statute under which appellant has been convicted is unconstitutional, he has not in the contemplation of the law engaged in criminal activity; for an unconstitutional statute in the criminal area is to be considered no statute at all.").

And the principles set out in *Ex parte Siebold* have not withered away or been jettisoned in the "modern" era. In *State v. Benzel*, 583 N.W.2d 434 (Wis. Ct. App. 1998), the Wisconsin court granted relief to the defendant who had been convicted of violating the drug tax-stamp statute which had later been declared unconstitutional. *Id.* at 436. The court rejected the State's argument that the defendant was not entitled to relief because he had pled guilty and had not himself attacked the constitutionality of the statute in the trial court. *Id.* The court explained that normally "even a claim of a constitutional right will be deemed waived unless timely raised before the trial court," but this case was different because "the conduct in question cannot constitutionally be punished in the first place." *Id.* (relying on "an almost identical issue" in *United States v. United States Coin & Currency*, 401 U.S. 715, 723-24 (1971)). As the court stated, the failure to grant relief to all who have been convicted under a statute declared to be unconstitutional would lead "to the untenable result that a person stands convicted for conduct which has been held constitutionally immune from punishment." *Id.* Further, relief was required by the application of simple logic: "A court cannot acquire jurisdiction to try a person for an act made criminal only by an unconstitutional law." *Id.* (collecting cases). Therefore, the logic goes, "an offense created by an unconstitutional statute is no longer a crime and a conviction under such statute cannot be a legal cause for imprisonment." *Id.* And the court also relied upon an earlier decision which had held that this rule and logic applied even when the defendant had pled guilty to the now-non-existent offense. *Id.*

A federal district court also relied on *United States v. United States Coin & Currency*, in holding that the defendants were entitled to both relief from their federal convictions under the IRS law previously deemed unconstitutional, as well as the return of the fines that they had paid. The

The idea that one could be incarcerated for conduct that has been held not to be criminal "inherently results in a complete miscarriage of justice."[5]  Therefore, most federal courts, including the Fifth Circuit, hold that one who has been convicted under a penal statute that is later found unconstitutional is "actually innocent" of any crime because the "core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law."[6]

---

government did not oppose granting relief on the convictions because the penal law had been held unconstitutional in *Marchetti v. United States*, 390 U.S. 39 (1968), but it did object to repaying the fines.  The district court disagreed, explaining that Justice Harlan, in *United States v. United States Coin & Currency*, had said that "*Marchetti* and *Grosso* dealt with the kind of conduct that cannot constitutionally be punished in the first instance." *United States v. Lewis*, 342 F.Supp. 833, 835 (E.D.La. 1972).  Therefore, complete retroactivity applied because the statute had been found unconstitutional. *Id.*  The federal district court concluded that the defendants had pled guilty "under the duress of penalties provided by a statute since declared unconstitutional" and  not knowing that those statutes would eventually be held unconstitutional. The court concluded that, although "there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary fine." *Id.* at 836.  Thus, the convictions were voided and the government was ordered to repay the fines.  *Id.*

[5] *Davis v. United States*, 417 U.S. 333, 346 (1974).

[6] *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *see also In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000) (when law was settled at time of defendant's conviction but later "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," he may obtain relief in a subsequent habeas proceeding); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)  ("The holding of [the] Supreme Court . . . establishes the petitioner was convicted for a nonexistent offense"); *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998) (postconviction procedure is inadequate if it denies a defendant the opportunity for judicial rectification of "so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997) ("prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" may challenge it for the first time in a subsequent habeas proceeding).

The New Jersey Supreme Court long ago set out the general rule:
[I]n case of conviction under an unconstitutional law, the judgment thereon may
be impeached in habeas corpus proceedings to establish the right of the person
detained of his liberty and that, in such case, the trial court is without jurisdiction;

We follow this "void ab initio" concept. For example, we quoted the above section of Texas Jurisprudence in *Reyes v. State*,[7] as we held that the Speedy Trial Act, which had previously been held unconstitutional in *Meshell v. State*,[8] was void ab initio, unenforceable, and could provide no relief to anyone. As if beating a dead horse, we said, "an unconstitutional statute is void from its inception[;] . . .when a statute is adjudged to be unconstitutional, it is as if it had never been passed[;] . . . the statute is stillborn, . . . [and] had been fatally smitten by the Constitution at its birth[,] . . .[and] is of no more force or validity than a piece of blank paper, and is utterly void."[9]

A penal statute that has been declared unconstitutional cannot suddenly rise like Phoenix from the ashes just because a defendant did not challenge its constitutionality before it had been declared unconstitutional in some other case. An unconstitutional penal statute is void for all comers, those who have already been convicted of it before it was declared void, as well as those prosecuted under it after it had been declared void. It has long been

---

that the judgment is utterly void and may be collaterally attacked.
*Ex parte Rose*, 6 A.2d 388, 389 (N.J. 1939). The supreme court went on:

> In the case under consideration, it is apparent that the statute having been declared unconstitutional, there was no jurisdiction in the trial court, and any proceedings thereunder were wholly void. And this conclusion is not shaken because the prisoner pleaded guilty. There was no violation of law and no offense committed. Hence the prisoner is not lawfully detained.

*Id.* The rule has not changed.

[7] 753 S.W.2d 382, 383-84 (Tex. Crim. App. 1988).

[8] 739 S.W.2d 246 (Tex. Crim. App. 1987).

[9] *Reyes*, 753 S.W.2d at 383.

held that a person convicted under a statute later declared to be void is entitled to relief when he raises that claim for the first time in a writ of habeas corpus.[10]

As the Fifth Circuit has explained, a person who is convicted of a void penal offense, is "actually innocent" of any crime.[11] Actual innocence does not depend upon complaining about one's innocence in the trial court before the penal statute was declared void.[12] For example, in *Ravenbark v. State*,[13] the Houston Fourteenth Court of Appeals ignored the defendant's ineffective-assistance-of-counsel claim on appeal and summarily reversed his conviction and entered a judgment of acquittal because the stalking statute had been found

---

[10] *See Moore v. Wheeler,* 35 S.E. 116 (Ga. 1900) ("As the indictment against Moore was evidently framed under this act [prohibiting the sale of alcohol in specified counties which was held facially unconstitutional in a companion case], the sentence against him, though based upon a plea of guilty, was a mere nullity, and he ought to have been discharged. It seems to be now well settled that, where one is indicted and tried under an unconstitutional statute, he may, even after final conviction and sentence, obtain his discharge from custody on a writ of habeas corpus.") (citing *Siebold*, *supra* note 4 and collecting cases from numerous jurisdictions). In *Moore*, the Georgia Supreme Court quoted an early hornbook:

> "An unconstitutional enactment is never a law; and, if there can be a case in which a conviction is illegal and without jurisdiction, it seems that such a case is presented when it appears either that there is no law making criminal the alleged crime, or authorizing its prosecution in the court wherein the sentence has been imposed."

*Id.* at 116 (quoting 2 Freem. Judgm. p. 1092, § 624.).

[11] *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) (although "[c]ourts have framed the actual innocence factor differently . . . the incarceration of one whose conduct is not criminal 'inherently results in complete miscarriage of justice.'")

[12] *See* note 6, *supra*, and the cases cited therein.

[13] 942 S.W.2d 711 (Tex. App.–Houston [14th Dist.] 1997, no pet.).

facially unconstitutional after his conviction.[14]  The court of appeals granted relief even though the defendant never raised the issue on appeal, not even after we held the stalking statute unconstitutional.  No matter.  He was innocent of the crime of stalking because that statute had been found void by this Court.  All courts grant relief to a person convicted under a void penal statute with the sole exception that if the parties have mutually benefitted from the statute, they are estopped from later complaining about that benefit.[15]

In *Karenev v State*,[16] we held that a defendant could not raise a facial challenge to the constitutionality of a statute for the first time on appeal.[17]  But that situation is entirely different from the present one.  In *Karenev*, the defendant was attacking a *valid* statute (or at least one that had not yet been declared void); in the present case, applicant is requesting relief for a conviction of a non-crime.  He is actually innocent of any criminal wrongdoing

---

[14] *Id.* at 711; *see also Golson v. State*, 931 S.W.2d 705, 706 (Tex. App.–Corpus Christi 1996, no pet.) (defendant first raised challenge to stalking conviction on motion for rehearing in court of appeals, but because statute had been declared facially unconstitutional, defendant was summarily entitled to acquittal on appeal); *Atkinson v. State*, No. 03-96-00497-CR, 1997 WL 304176, * 1 (Tex. App.–Austin June 5, 1997, no pet.) (not designated for publication) (defendant who had been convicted of stalking was summarily acquitted on appeal after statute was declared facially unconstitutional and was void from its inception).

[15] "Although an act be unconstitutional and void, it will operate as an estoppel upon the party applying for it, and procuring its passage and accepting its benefits." 2 HERMAN, COMMENTARIES ON THE LAW OF ESTOPPEL AND RES JUDICATA, § 1068, at 1198; *see Wichita County v. Robinson,* 276 S.W.2d 509, 516 (Tex. 1954) ("[W]hile an unconstitutional statute does not convey any rights, duties or obligations and is in legal contemplation inoperative ab initio[,] nonetheless the parties may so deal with each other relying upon the validity of the statute that neither may invoke the aid of the courts to undo what they have done.").

[16] 281 S.W.3d 428 (Tex. Crim. App. 2009).

[17] *Id.* at 434.

because the penal statute under which he was convicted has already been declared nonexistent. He may take advantage of that "void ab initio" status today, yesterday, tomorrow, or even ten years from now. Anyone who has been convicted under the now void provisions of Section 32.021(b) is "innocent" and may obtain an acquittal, whether it is in the trial court, on direct appeal, or in a habeas proceeding. That is constitutionally required. That is hornbook law.

Filed: May 7, 2014
Publish